IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CHARLES BRYAN DIXON,

    Plaintiff,

      v.

COBB COUNTY, GEORGIA, et al.,

    Defendants.

CIVIL ACTION FILE
NO. 1:06-CV-2970-TWT

ORDER

This is a civil rights case.  It is before the Court on the Defendants' Motion for
Summary Judgment [Doc. 58].   For the reasons stated below, the motion is
GRANTED.

I.  Background

This case arises out of an alleged incident of family violence.  The Plaintiff
alleges that the Defendants arrested and prosecuted him without probable cause.  On
May 8, 2003, Nora Hatchett called the Department of Family and Children Services
to report an incident of family violence by Charles Dixon against his wife Irene Dixon
and daughter Katie Dixon.  (Hatchett Aff. ¶ 3.)  Hatchett is Irene's sister.  She called
the Department of Family and Children Services "because of a number of incidents
that Irene and her daughter Katie told [her] about, including that Plaintiff Dixon hit

Katie in the head." (<u>Id.</u> ¶ 4.)  The Department of Family and Children Services referred the incident to the Cobb County Crimes Against Children Unit and Detective David Schweizer was assigned to investigate. (Schweizer Aff. ¶ 3.)

Schweizer began his investigation by interviewing Irene and her children. On May 15, 2003, Schweizer and other officers brought Irene and her children to the Crimes Against Children office for videotaped interviews. (<u>Id.</u> ¶ 4.) In the interviews, Katie and Irene told Schweizer that "Plaintiff was physically and verbally abusive toward them." (<u>Id.</u> ¶ 6.) Katie told Schweizer that on May 3, 2003, she and Charles got into an argument over a boy that Katie liked. (<u>Id.</u>, Attachment 1.) Katie said that, during the argument, Charles hit her in the stomach and on the head. (<u>Id.</u> ¶ 7.) Irene told Schweizer that Charles hit Katie so hard in the stomach that Katie "lost her breath." (<u>Id.</u>, Attachment 1.) Irene said that she tried to get between her husband and daughter, but that Charles pushed her into a wall, causing a large bruise on her leg. (<u>Id.</u> ¶ 8.) Irene also said that she saw one of her sons, Bryan Dixon, watching the incident from the hallway. (<u>Id.</u>, Attachment 1.)

Schweizer's interviews with Irene and her children lasted over an hour. During this time, Charles called Irene's phone repeatedly. (<u>Id.</u> ¶ 6.) Schweizer counted at least thirty calls. (<u>Id.</u>) Irene told Schweizer that Charles was very controlling. (<u>Id.</u>, Attachment 1.) Irene said that the calls were "typical," and that Charles "kept tabs on

[her], calling her cell phone numerous times during the day to find out where and what she was doing." (Id.)  After the interviews were finished, Schweizer sought to verify the statements made by Katie and Irene.  Katie kept a journal and, after reading her journal, Schweizer felt that Katie's statements in her journal corroborated her statements in the interview.  (Id. ¶ 7.)  Katie had also taken photographs of Irene's leg and, after reviewing the photographs, Schweizer felt that the photographs corroborated Irene's statements in the interview.  (Id. ¶ 8.)

Irene felt that she and her children needed protection from Charles and so she tried to get a temporary protective order against him.  On May 16, 2003, Irene began a petition for a temporary protection order, but, "[a]s Irene was giving her statement in support of the [order], she essentially broke down . . . and she was so agitated that she was transported to the hospital."  (Hatchett Aff. ¶ 8.)  Irene did not finish her petition before she went to the hospital.  On the same day, Schweizer applied for an arrest warrant, No. 03-W-5238, against Charles, alleging simple battery, cruelty to children in the first degree, and cruelty to children in the second degree.  (Schweizer Aff. ¶ 11.) Cobb County Magistrate Judge Hugh Robinson signed the warrant, stating that the "sworn testimony established probable cause." (Schweizer Aff., Attachment 6.)  Charles was arrested and released on bond later that day.

Irene still felt that she and her children needed protection from Charles, and so she tried again to get a temporary protective order against him.  This time she was successful.  On May 19, 2003, Cobb County Magistrate Judge Donald Phillips issued, ex parte, a temporary protective order prohibiting Charles from any contact with Irene or their children, including contact through a third party.  (Id., Attachment 7.)  Charles was served with the temporary protective order later that day.  (Id., Attachment 1.) The next day, Irene called Schweizer and told him that a friend of Charles, Frank Mann, had left her a voice message that said, "[Charles] is staying with me . . . [h]e just wanted to let you guys know that you are missed and he'd love to hear from you guys."  (Id.)  On May 21, 2003, believing that the voice message constituted prohibited contact with Irene, Schweizer applied for another arrest warrant, No. 03-W-5455, against Charles, alleging aggravated stalking.  (Id. ¶ 14.)[1]  Cobb County Magistrate Judge Richard Faber signed the warrant, stating that the "sworn testimony established probable cause."  (Id., Attachment 9.)  Charles was arrested and later released on bond.

At this point, there were two criminal warrants against Charles, alleging charges of simple battery, battery, cruelty to children in the first degree, and cruelty to children

---

[1]Under the Georgia Family Violence Act, a temporary protective order is a civil order, but a violation of a temporary protective may be criminally punished as aggravated stalking.  O.C.G.A. § 19-13-6.

in the second degree.  On June 26, 2003, Magistrate Judge Frank Cox held a probable cause and bond hearing on both of the warrants.  (Defs.' Mot. for Summ. J., Ex. J.) Judge Cox heard from various witnesses, including Schweizer, Irene, and  Mann.  At the end of the hearing, Judge Cox determined that probable cause existed for the charges of simple battery, but not for the charges of cruelty to children in the first degree, cruelty to children in the second degree, and aggravated stalking.  (Id. at 98.)

Cobb County continued to prosecute the remaining charges of simple battery. On July 13, 2004, the Cobb County Solicitor General formally drew accusations against Charles for three counts of simple battery, based on the charges in the No. 03-W-5238 warrant.  (Morgan Aff., Attachment 1.)  But, on May 5, 2005, the Cobb County Solicitor General filed a nolle prosequi for the three counts of simple battery, stating that "[a]fter consulting with the victims in this matter and considering all the facts and circumstances in this case, [the] State does not desire to prosecute. Additionally, [Charles Dixon] has completed counseling as is the standard in similar cases."  (Id., Attachment 2.)

Throughout the process, the Plaintiff felt that all the charges against him were unjustified, and that Schweizer acted maliciously against him.  On November 3, 2006, Charles Dixon filed this lawsuit against Cobb County and David Schweizer in the Superior Court of Cobb County.  In his Complaint, the Plaintiff presented claims for

false arrest and malicious prosecution under both 42 U.S.C. § 1983 and Georgia law. On December 6, 2006, the Defendants filed their Notice of Removal, stating that the Court has jurisdiction over this lawsuit because the Plaintiff presented claims "arising under the Constitution and laws of the United States." (Notice of Removal ¶ 4.) The Defendants now move for summary judgment on all of the Plaintiff's claims. The Defendants say that most of the Plaintiff's claims are barred by the statute of limitations, and that for the remaining claims the Plaintiff has not presented sufficient evidence.

## II.  Summary Judgment Standard

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The court should view the evidence and any inferences that may be drawn in the light most favorable to the nonmovant. Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59 (1970). The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). The burden then shifts to the nonmovant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

## III.  Discussion

The Plaintiff's allegations can be divided into four separate claims: (1) false arrest for battery and cruelty to children; (2) false arrest for aggravated stalking; (3) malicious prosecution for charges of cruelty to children and aggravated stalking; and (4) malicious prosecution for charges of battery.  The Plaintiff presents each claim under both section 1983 and Georgia law.

The Defendants say that the first three claims are barred by the statute of limitations.  The statute of limitations period for the Plaintiff's claims under section 1983 and Georgia law is the same.  McNair v. Allen, 515 F.3d 1168, 1173 (11th Cir. 2008).  Claims under section 1983 "are tort actions, subject to the statute of limitations governing personal injury actions in the state where the [suit] has been brought."  Id. Under Georgia law, the statute of limitations period for personal injury actions is two years.  O.C.G.A. § 9-3-33.  The accrual date for the Plaintiff's claims, however, requires looking at federal and Georgia law separately.  The accrual date of claims under section 1983 "is a question of federal law that is not resolved by reference to state law."  Wallace v. Kato, 127 S. Ct. 1091, 1095 (2007).  Federal law provides that a claim for false arrest accrues when the plaintiff "becomes held pursuant to [judicial] process--when, for example, he is bound over by a magistrate or arraigned on charges."  Id. at 1096.  And a claim for malicious prosecution accrues when "the

prosecution terminates in the [plaintiff's] favor." <u>Burgest v. McAfee</u>, 264 Fed. Appx. 850, 852 (11th Cir. 2008) (unpublished).  Georgia law provides that a claim for false arrest accrues when the plaintiff is "release[d] from imprisonment." <u>Reese v. Clayton County</u>, 185 Ga. App. 207, 208 (1987).  And a claim for malicious prosecution accrues when "[the] prosecution [terminates] in [the] plaintiff's favor." <u>Waters v. Walton</u>, 225 Ga. App. 119, 120 (1997).

The Plaintiff's claims for false arrest for battery and cruelty to children were not filed within two years after the claims accrued.  The Plaintiff was arrested for battery and cruelty to children on May 16, 2003, released on bond the same day, and had a probable cause and bond hearing in front of Judge Cox on June 26, 2003.  Under federal law, the Plaintiff's claim for false arrest accrued when the Plaintiff was held pursuant to judicial process and that date is no later than June 26, 2003, when the Plaintiff had a probable cause and bond hearing.  Under state law, the Plaintiff's claim for false arrest accrued when the Plaintiff was released from imprisonment and that date is May 16, 2003, when the Plaintiff was released on bond.  The Plaintiff filed his lawsuit on November 3, 2006, more than two years after both his federal and state law claims accrued.  In response, the Plaintiff says that "the two-year statute of limitations [did] not begin to run until after the case is dismissed in the Plaintiff's favor."  (Pl.'s Br. in Response to Defs.' Mot. for Summ. J., at 4.)  But, the Plaintiff's argument

confuses the "entirely distinct" torts of false arrest and malicious prosecution. Wallace, 127 S. Ct. at 1096. A claim for false arrest does not depend on the "finalization of the causally related and subsequently emergent [claim for] malicious prosecution." Meyers v. Glover, 152 Ga. App. 679, 681 (1979), overruled on other grounds, McCord v. Jones, 168 Ga. App. 891, 893 (1983). Therefore, the Plaintiff's claims for false arrest for battery and cruelty to children are barred by the statute of limitations.

The Plaintiff's claims for false arrest for aggravated stalking also were not filed within two years after the claims accrued. The Plaintiff was arrested for aggravated stalking on May 21, 2003, released on bond the same day, and had a probable cause and bond hearing in front of Judge Cox on June 26, 2003. Under federal law, the Plaintiff's claim for false arrest accrued when the Plaintiff was held pursuant to judicial process and that date is no later than June 26, 2003, when the Plaintiff had a probable cause and bond hearing. Under state law, the Plaintiff's claim for false arrest accrued when the Plaintiff was released from imprisonment and that date is May 21, 2003, when the Plaintiff was released on bond. The Plaintiff filed his lawsuit on November 3, 2006, more than two years after both his federal and state law claims accrued. In response, the Plaintiff again says that "the two-year statute of limitations [did] not begin to run until after the case is dismissed in the Plaintiff's favor." (Pl.'s

Br in Response to Defs.' Mot. for Summ. J., at 6.)  But, the Plaintiff's argument fails for the same reasons as explained above.  Therefore, the Plaintiff's claims for false arrest for aggravated stalking are barred by the statute of limitations.

The Plaintiff's claims for malicious prosecution for cruelty to children and aggravated stalking also were not filed within two years after the claims accrued.  The Plaintiff was arrested for cruelty to children on May 16, 2003, was again arrested for aggravated stalking on May 21, 2003, and had a probable cause and bond hearing in front of Judge Cox on June 26, 2003.  At the hearing, Judge Cox dismissed the charges for cruelty to children and aggravated stalking, and Cobb County never re-filed the charges.  Under both federal and state law, the Plaintiff's claims for malicious prosecution accrued when the prosecution terminated in the Plaintiff's favor and that date is June 26, 2003, when Judge Cox dismissed the charges for cruelty to children and aggravated stalking.  The Plaintiff filed his lawsuit on November 3, 2006, more than two years after both his federal and state law claims accrued.  In response, the Plaintiff says that, although some charges were dismissed by Judge Cox, "the state continued to prosecute this case against [the] Plaintiff, thereby tolling the running of the statute of limitations until the case was finally dismissed against [the] Plaintiff by the filing of the [nolle prosequi] on the [May 5, 2005]."  (Pl.'s Br in Response to Defs.' Mot. for Summ. J., at 6.)  But, the Plaintiff's argument confuses his separate

claims for malicious prosecution.  The Plaintiff's claims for malicious prosecution for cruelty to children and aggravated stalking accrued as soon as Judge Cox dismissed those charges in the Plaintiff's favor, and did not depend, at all, on the separate charges for battery.  See Gordon v. West, 129 Ga. 532, 536-37 (1907) ("The general principle seems to be that when the termination of [a criminal charge] can neither tend to establish nor invalidate the plaintiff's cause of action, it is not necessary to aver such termination.")  Therefore, the Plaintiff's claims for malicious prosecution for cruelty to children and aggravated stalking are barred by the statute of limitations.

The Plaintiff's only remaining claims are claims for malicious prosecution for battery.  The Defendants say that they are entitled to summary judgment on these claims because the Plaintiff cannot show that the prosecution was without probable cause.  Prosecution without probable cause is an element of a malicious prosecution claim under both federal and Georgia law.  "To establish a . . . malicious prosecution claim under [section] 1983, a plaintiff must prove (1) the elements of the common law tort of malicious prosecution, and (2) a violation of her Fourth Amendment right to be free from unreasonable seizures."  Kingsland v. City of Miami, 382 F.3d 1220, 1234 (11th Cir. 2004).  One of the elements of the common law tort of malicious prosecution is "that [the prosecution] was instituted without probable cause."  Ellis v. Knowles, 90 Ga. App. 40, 42 (1954).  To establish a malicious prosecution claim

under Georgia law, a plaintiff must prove "[a] criminal prosecution which is carried on maliciously and without any probable cause and which causes damage to the person prosecuted." O.C.G.A. § 51-7-40.  A prosecution is without probable cause if, at the time of the prosecution, there were "no reasonable grounds for believing [the plaintiff] to be guilty of the charge brought." <u>Kelly v. Serna</u>, 87 F.3d 1235, 1241 (11th Cir. 1996) (<u>quoting</u> <u>Monroe v. Sigler</u>, 256 Ga. 759, 760 (1987)).  "Probable cause requires more than mere suspicion, but does not require convincing proof." <u>Bailey v. Board of County Comm'rs</u>, 956 F.2d 1112, 1120 (11th Cir. 1992).  And it does not require taking "every conceivable step . . . to eliminate the possibility of convicting an innocent person." <u>Rankin v. Evans</u>, 133 F.3d 1425, 1436 (11th Cir. 1998).

The Defendants have submitted substantial evidence that the prosecution for battery was based on probable cause.  The evidence from Officer Schweizer's investigation includes a family violence complaint filed by Nora Hatchett, videotaped statements by Irene Dixon and Katie Dixon explaining how the Plaintiff hit them multiple times, and corroborating evidence from phone calls, journals, and photographs.  At the probable cause and bond hearing before Judge Cox, Irene's testimony was consistent with her statements to Schweizer:

Q:  You saw [Charles] strike Katy [sic]?
A:  Several times.

Q:  In the stomach?
A:  Yes.
Q:  You saw that?
A:  I saw them several times hitting, yes.  I saw his fist.  Now I'm facing him and when he hit and then she could not breathe.  I saw his fist moving so I didn't turn and look like this because I was trying to stop him.
. . .
Q:  Now tell Judge Cox about the scuffle that resulted in the bruise to your leg or thigh.  When did that occur?
A:  That was during the time when he was slapping Katy [sic] and I was trying to stop him and he like in one sweep got both of us and I went into the wall, into the door frame.
Q:  Do you recall a statement to your husband the following morning not knowing how the bruise got there?
A:  He said what in the world happened to your leg?
Q:  And?
A:  I said you did it; you hit me.  I told him that night.  I said you hurt me.

(Defs.' Mot. for Summ. J., Ex. J., at 44-45, 51.)  At the end of the hearing, Judge Cox determined that probable cause existed for the charges of battery and he "[bound] warrant 03-5238 over on the [battery charges]."  (Id. at 98.)

The Plaintiff, points out weaknesses in the State's case, but has not shown that the prosecution for battery was without probable cause.  The Plaintiff says that "in her taped interview with Schweizer, [Katie] testified that her mother . . . received [a large bruise on her leg] as the result of an accident."  (Pl's. Br. in Response to Defs.' Mot. for Summ. J., at 7.)  This is not true.  Katie did not say that her mother's injury was the result of an accident and, throughout the interview, she consistently described the Plaintiff as physically and emotionally abusive.  (Defs.' Mot. for Summ. J., Ex. A.,

Attachment 2.)  The Plaintiff may be right that what happened was really just an accident, but Katie did not describe it that way.  In any event, even if Katie had said that the injury was the result of an accident, the Defendants were entitled to rely on Irene's own statements as support for probable cause.  <u>Rankin</u>, 133 F.3d at 1441.  The Plaintiff also says that "Schweizer became personally involved in this case and acted inappropriately as a result thereof."  (Pl.'s Br. in Response to Defs.' Mot. for Summ. J., at 8.)  But, even if the Plaintiff could show that Schweizer had become personally involved, this would not be material because "[s]ubjective intentions play no role in ordinary, probable-cause . . . analysis."  <u>Whren v. United States</u>, 517 U.S. 806, 813 (1996).  Whether the prosecution for battery was based on probable cause is an objective inquiry based on the totality of circumstances and, in this case, the Plaintiff has not presented evidence that shows that a genuine issue of material fact exists.  Therefore, the Defendants are entitled to summary judgment in their favor on the Plaintiff's claims for malicious prosecution for battery.  It is worth mentioning that the Defendant Schweizer is entitled to qualified immunity based upon the existence of probable cause as to each arrest.  As to the Defendant Cobb County, there has been no showing of any policy or practice motivating an unlawful arrest or prosecution of the Plaintiff.

IV.  <u>Conclusion</u>

For the reasons stated above, the  Defendants' Motion for Summary Judgment [Doc. 58] is GRANTED.

SO ORDERED, this 15 day of December, 2008.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge